

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS
February 2, 1962

This Opinion
Affirms Opinion

#....../.....-..././/.......

WILL WILSON
ATTORNEY GENERAL

Honorable Don Cain
County Attorney
Gray County
Pampa, Texas

Opinion No. WW-1251

Re: Whether it is mandatory that
there be two justice courts
within Precinct Two of Gray
County, Texas, and related
questions.

Dear Sir:

We are in receipt of your letter dated January 26,
1962, in which you ask our opinion on the above captioned
subject.

Your letter states that Pampa, a city of some 24,303
residents according to the 1960 census, is entirely within
Precinct Two of Gray County, Texas. By proper order of the
Commissioners' Court entered many years ago, Precinct Two was
given two Justices of the Peace, being Place One and Place Two.
Recently the Justice of the Peace of Place One died, and since
that time, the Justice of Place Two is performing the functions
of both Places within the Precinct. You further state that the
Commissioners' Court has declined to appoint a successor to the
Justice for Place One and have entered an order abolishing such
office, finding that it was not necessary for the convenience
of the people. Accordingly, the salary of the Justice of Place
Two was increased.

The specific questions asked by you are stated as
follows:

"A. Is it mandatory that there be two
Justice Courts within Precinct Two of Gray
County, Texas?

"B. Is it within the power and discre-
tion of the Commissioners' Court, where they
find that the convenience of the people does
not necessitate, or justify the continuation
of, the office of Justice of the Peace, Pre-
cinct Two, Place One, to abolish said office?

"C. In the event there need be only one
Justice of the Peace for Precinct Two, should
the persons running for election, and re-election,
thereto file and seek election to the post of
Justice of the Peace, Precinct Two, Place Two,
when in fact there would then be no office of
Place One; or, if there need be only one Justice

for Precinct Two, should the persons seeking election thereto (including the present incumbent of Place Two if he desires to seek re-election) file and seek election to the office of Justice of the Peace, Precinct Two, Place One; or, if there need be only one Justice for Precinct Two, should persons seeking election thereto simply file and seek election to the office of Justice of the Peace, Precinct Two (without stating a place)?

"D. In the event that there must be two Justice Courts within Precinct Two and that the Commissioners' Court cannot abolish the office of Justice of the Peace, Precinct Two, Place One, and a person should be elected in the General Election of 1962 to such office, does the Commissioners' Court have discretion in setting the salary for the office of Place One to the extent that it could set no salary therefor, or set the salary at $1.00 per year, or at some figure much lower than the salary set for Place Two while the salary for the Justice of Place Two remained fixed at the same figure as now or as before the death of the former Justice of Place One?"

Section 18 of Article V of the Constitution of Texas states as follows:

"Each organized county in the State now or hereafter existing, shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. Divisions shall be made by the Commissioners Court provided for by this Constitution. In each such precinct there shall be elected one Justice of the Peace and one Constable, each of whom shall hold his office for four years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 8,000 or more inhabitants, there shall be elected two Justices of the Peace. Each county shall in like manner be divided into four commissioners precincts in each of which there shall be elected by the qualified voters thereof one County Commissioner, who shall hold

his office for four years and until his successor shall be elected and qualified. The County Commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." (Emphasis added)

Article 2375 of Vernon's Civil Statutes states also as follows:

"Where there is a city of eight thousand inhabitants or more in a justice precinct, two justices of the peace shall be elected." (Emphasis added)

This office has written numerous opinions construing the various provisions of the Constitutional provision quoted above, each of which held that the division and redistricting of the counties into precincts of not less than four and not more than eight was a discretionary order on the part of the Commissioners' Court, and to be exercised "for the convenience of the people." The cases are likewise in accord, Ward v. Bond, 10 S.W.2d 590 (Civ.App. 1928), Lewis v. Harris, 48 S.W.2d 730 (Civ.App. 1932, error ref.).

The above cited cases do not extend the discretionary powers of sentence one of the constitutional provision into sentence three of that provision, particularly the phrase "provided that in any precinct in which there may be a city of 8,000 or more inhabitants, there shall be elected two Justices of the Peace." (Emphasis added). Previous opinions from this office held the language underscored to be mandatory and not discretionary. In fact the Supreme Court stated in Williams v. Castleman, 112 Tex. 193, 247 S.W. 263 (1922) at page 270 as follows:

"The commissioners' court, by a valid order, having determined that there was in justice precinct No. 1 of Stephens county, a city of over 8,000 people, upon the official announcement of such fact, and the entry of the order, the office of an additional justice of the peace for the precinct, created by the Constitution, but awaiting the determination of fact by the Commissioners' court (the agency designated by the

Constitution for such purpose), came into being,
and thenceforward was an existing office. Since
the office came into existence and was not filled,
it was vacant. . . ."

However, the court in Meredith v. Sharp, 256 S.W.2d
870 (Civ.App. 1953, error ref., n.r.e.) held that the creation
of an additional Justice Court in a precinct with a city over
8,000 was not mandatory, but to be created by the Commissioners'
Court "for the convenience of the people," and therefore within
the discretion of the Commissioners' Court.

We quote from the opinion at page 871 as follows:

"We are in accord with the conclusions of law
as filed by the trial court that the 'Constitution
confides in the Commissioners' Court the authority
to create a justice of the peace court as here
sought; that the convenience of the people is the
basic purpose for designating such an additional
justice court; and that the creation of such an
additional justice of the peace court is a dis-
cretionary act of the Commissioners' Court and
not a ministerial function of such court.' This
record is absent any showing or any attempt to
show that the creation of such an additional
justice court would be for the convenience of the
people. The action of the trial court in denying
this application for a writ of mandamus is sus-
tained.

"We cannot escape the import of the use of
the term 'for the convenience of the people' in
Sec. 18, supra; 16 C.J.S., Constitutional Law,
Sec. 23. The latitude so granted the Commission-
ers' Court to create not less than four and not
more than eight such precincts, and the power to
change the boundaries of such precincts from time
to time emphasizes the intent to vest discretion-
ary powers in the Commissioners' Court in deter-
mining whether or not the creation of such addi-
tional court would be for the convenience of the
people, that is suitable, appropriate or advisable
to meet the needs of the people. This discretion-
ary power on the part of the Commissioners' Court
is fully recognized in Williams v. Castleman, 112
Tex. 193, 247 S.W. 263, . . ."

We feel that if the Commissioners' Court is not required to create a new office of Justice of the Peace in precincts with a city of 8,000 or more, if not "for the convenience of the people," that, likewise, it may abolish such offices. Your question A is therefore answered in the negative.

The language in the constitutional provision that each county "shall be divided from time to time, for the convenience of the people, into precincts," has been held by this office in Attorney General's opinion No. V-790 to mean that the Commissioners' Court may abolish any Justice Precinct that they desired to. We hereby re-affirm the holding of that opinion, enclosed, as follows:

"The Commissioners' Court may abolish old
justice precincts and re-divide the county into
new justice precincts at any time, so long as
there is a minimum of four and not more than
eight justice precincts in the county. When
such justice precincts are abolished the offices
in the old precincts become vacant and the of-
ficers of the newly created justice precincts
must be appointed by the Commissioners' Court."

In your situation therefore, Place One may properly be abolished and the precinct "re-districted", containing the same territory, but with only one Justice of the Peace. Question B is answered affirmatively.

Since the Commissioners' Court of Gray County abolished the office of Justice of the Peace, Precinct Two, Place One and desires only one Justice within this Precinct, there would then be no reason for a Place One or Place Two on the election ballot, and the political aspirant would only need to file for the office of Justice of the Peace of Precinct Two, Gray County, Texas.

Our decision makes it unnecessary to reach your question D.

## S U M M A R Y

It is not mandatory that there be two justice
courts within the precinct of a county containing
a city with a population of 8,000 or more. The
Commissioners' Court may abolish any justice court

within such precinct if they find that such justice court is not justified for the convenience of the people within such precinct, provided that such precinct still has one justice of the peace.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Fred D. Ward
Assistant

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Norman Suarez
Bob Shannon

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.